**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0591-24

IDIBERTO LOPEZ-GRAJALES,

    Plaintiff-Appellant,

v.

PATRICIA BARRIOS-GODINEZ,

    Defendant-Respondent.

_____

Submitted November 13, 2025 – Decided February 23, 2026

Before Judges Gummer and Jacobs.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0767-16.

AG Law Firm, attorneys for appellant (Aleksandra N. Gontaryuk, on the briefs).

Central Jersey Legal Services, Inc., attorneys for respondent (Brian E. Newsome, on the brief).

PER CURIAM

    Plaintiff Idiberto Lopez-Grajales appeals from an October 4, 2024 order

denying his motion to reduce his alimony obligation and granting defendant's motion for reconsideration of a prior order in which the court found plaintiff had established a change in circumstances. Plaintiff contends the trial court abused its discretion by denying his motion without first considering all relevant evidence regarding changed circumstances. Because we conclude the trial court should have scheduled a plenary hearing to consider relevant evidence concerning changed circumstances, we vacate the order and remand for that purpose.

I.

The parties were married in January 2010. Their two children were emancipated when the parties divorced on December 12, 2016. The terms of the judgment of divorce (JOD) were incorporated in a marital settlement agreement (MSA). The MSA required plaintiff to pay $250 in weekly alimony, calculated based on his earnings of $700 per week. The MSA also allowed the parties to request a modification of alimony one year after entry of the JOD.

Plaintiff remarried on January 7, 2017. Between December 2017 and May 2020, he unsuccessfully moved three times for an alimony reduction. In 2024, plaintiff again moved to modify alimony, citing a "chronic" reduction in income and inability to secure stable employment. In support, he submitted tax returns

2

A-0591-24

from 2019 to 2023, documentation in the form of more than seventy pages of handwritten notes detailing his weekly job searches, and evidence of partial alimony payments to show good-faith — but unsuccessful — efforts to remain compliant with court-ordered support obligations.

On August 6, 2024, the first motion judge determined plaintiff had made a prima facie showing of changed circumstances but deferred otherwise deciding plaintiff's modification motion, ordering both parties to provide updated financial documentation, including tax returns and case information statements (CIS). Defendant produced a CIS showing zero income and monthly expenses of $3,280. She did not produce tax returns, claiming she had not earned any income since 2015 due to a physical disability and, thus, had not filed any returns.

Plaintiff produced tax returns for years 2019 through 2021, reflecting adjusted gross income below $13,000 and accumulated alimony arrears as of August 2024 in excess of $50,000. Plaintiff's 2022 and 2023 tax returns were filed jointly, reflecting higher joint income, but continued to reflect earnings attributable to plaintiff less than $11,000 for each of those years. Also, plaintiff adduced social media posts to show defendant's financial circumstances had changed in that she "was engaged in making and selling custom gelatin

3

desserts[]" despite her alleged physical disability.

Defendant moved for reconsideration of the August 6 order, seeking vacatur of the court's preliminary prima facie finding and dismissal of plaintiff's motion for modification. She focused on the insufficiency of plaintiff's proofs regarding underemployment and an "incurable discrepancy" between what plaintiff could and could not afford.

After oral argument in September 2024, the second motion judge granted defendant's motion for reconsideration. In a written statement of reasons accompanying an October 4, 2024 order, the judge determined plaintiff had failed to show prima facie changed circumstances. In particular, the judge cited Lepis v. Lepis for the proposition that to demonstrate prima facie changed circumstances, the party seeking modification must show they "ha[d] experienced changed circumstances that substantially impair[ed] their ability to support themselves." 83 N.J. 139, 157 (1980). The judge wrote:

> Plaintiff has not presented sufficient evidence for the [c]ourt to conclude that he has experienced an involuntary change in circumstances. There is insufficient evidence that he has attempted to obtain alternative employment. His list of hiring employers did not show that he attempted to be hired by them by showing, for example, that he had interviewed with these employers or even called them to inquir[e] about a position.

4

In apparent contradiction to finding an absence of changed circumstances, the judge denied defendant's requests to dismiss plaintiff's motion and to vacate the August 6, 2024 order.

On appeal, plaintiff maintains the October 4 order is "internally inconsistent" on its face and that the second motion judge failed to consider all relevant evidence in making a determination regarding the prima facie standard. Plaintiff further contends the judge failed to sufficiently consider his unsuccessful job searches and defendant's income through her dessert enterprise. He notes defendant's CIS was unsupported by evidence and did not allow the judge to properly assess her finances.

Defendant urges affirmance, contending the judge considered all evidence and acted within his discretion. She maintains plaintiff failed to prove a genuine, continuing change in financial circumstances or requisite efforts to secure higher-paying employment.

II.

We review the family court's decision to modify alimony under an abuse-of-discretion standard. Spangenberg v. Kolakowski, 442 N.J. Super. 529, 536 (App. Div. 2015); Larbig v. Larbig, 384 N.J. Super. 17, 23 (App. Div. 2006). "Although the ordinary 'abuse of discretion' standard defies precise definition,

A-0591-24

it arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)). A trial court's grant or denial of a motion for reconsideration of an interlocutory order is reviewed for an abuse of discretion. R. 4:42-2(b); see Lombardi v. Masso, 207 N.J. 517, 535-36 (2011).

Plaintiff correctly observes the October 4 order is "internally inconsistent[.]" As recounted, the second motion judge effectively reversed the first motion judge and concluded plaintiff "ha[d] not presented sufficient evidence for the [c]ourt to conclude that he ha[d] experienced an involuntary change in circumstances. There is insufficient evidence that he ha[d] attempted to obtain alternative employment." The contradictory language in the order may be attributable to a drafting error. In any case, for all practical purposes, the second motion judge did not deny, but instead granted defendant's motion for reconsideration and vacatur of the August 6 order. For purposes of analysis, we therefore read those incongruent ordinals of the October 4 order as if consistent, granting defendant's motion for reconsideration and dismissing plaintiff's motion for alimony modification.

A-0591-24

Alimony "is an economic right that arises out of the marital relationship and provides the dependent spouse with 'a level of support and standard of living generally commensurate with the quality of economic life that existed during the marriage.'" Mani v. Mani, 183 N.J. 70, 80 (2005) (quoting Stiffler v. Stiffler, 304 N.J. Super. 96, 99 (Ch. Div. 1997) (citations omitted)). A party moving for modification bears the burden of making a prima facie showing of changed circumstances, which can include: "[an] increase or decrease in the supporting spouse's income" or "subsequent employment by the dependent spouse." Lepis, 83 N.J. at 151. The moving party must demonstrate that the changed circumstances are continuing, Quinn v. Quinn, 225 N.J. 34, 49 (2016), and "have substantially impaired the[ir] ability to support [themselves,]" D.M.C. v. K.H.G., 471 N.J. Super. 10, 32 (App. Div. 2022) (quoting Lepis, 83 N.J. at 157). "Parties to a divorce action may enter into voluntary agreements governing the amount, terms, and duration of alimony, and such agreements are subject to judicial supervision and enforcement." Quinn, 225 N.J. at 48 (citations omitted).

Here, the MSA provides the parties "may move for modification . . . in the future based on change of circumstances after one year from the entry of the [f]inal [j]udgment of [d]ivorce." (emphasis in original). Our review of the record reveals the second motion judge "reached a conclusion that could not

7

reasonably have been reached on sufficient credible evidence present in the record after considering the proofs as a whole." J.E.V. v. K.V., 426 N.J. Super. 475, 485 (App. Div. 2012) (quoting Heinl v. Heinl, 287 N.J. Super. 337, 345 (App. Div. 1996)). Rather, the record markedly favors the first motion judge's finding.

Plaintiff's contention that his circumstances prevented him from obtaining stable employment is supported by documents indicating low earnings over a four-year period and records of unsuccessful job searches. Defendant disputes these proofs. When there is a genuine dispute regarding the accuracy of the financial circumstances of the parties and the supporting party's ability to secure gainful employment, a hearing is necessary. See Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007) (a hearing is required when there "is a genuine and substantial factual dispute . . . ."). At the preliminary stage, where prima facie proof is the standard, it is not necessary that plaintiff show in detail those employers with whom he was able to secure an interview or the specific means by which he made contact. Those aspects of plaintiff's application are better explored at a plenary hearing. In rejecting the first judge's determination as to a prima facie showing and precluding a plenary hearing, the second judge abused his discretion.

A-0591-24

Accordingly, we vacate the October 4 order and remand for the trial court to conduct a plenary hearing to resolve the disputed issues of fact.

Vacated and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0591-24